```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JEFFREY P. DATTO, Ph.D.         :    CIVIL ACTION
                                :
          v.                    :
                                :
BRIAN HARRISON, et al.          :    NO. 09-2064
_____

JEFFREY P. DATTO, Ph.D.         :    CIVIL ACTION
                                :
          v.                    :
                                :
THOMAS JEFFERSON                :
UNIVERSITY, et al.              :    NO. 09-2549
```

MEMORANDUM

McLaughlin, J.                                September 28, 2009

      In a Memorandum and Order dated September 9, 2009, this Court granted in part and denied in part the defendants' motion to dismiss the complaints in the above-captioned, consolidated cases. The plaintiff has now moved for reconsideration of a portion of that decision.

      The defendants' motion to dismiss sought, in pertinent part, to dismiss the plaintiff's claims against the individual defendants for retaliation in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. The Court denied the motion as to the plaintiff's individual liability claims under the ADA, but granted it as to the claims under the Rehabilitation Act. The Court found that individual liability could be imposed for retaliation in violation of the ADA when the conduct at issue concerned public entities, implicating Title II

of the ADA, or public accommodations, implicating Title III of the ADA.  The Court found that individual liability could not be imposed for retaliation claims brought under the Rehabilitation Act unless the individuals could be found to have received federal funds for the program at issue and that no individual defendant here was alleged to have received such funds.  The plaintiff now seeks reconsideration of the dismissal of his Rehabilitation Act claims against the individual defendants.

In analyzing individual liability under the Rehabilitation Act, the Court noted that the Act applied only to entities receiving federal funds.  Because the constitutional authorization for the Rehabilitation Act stems from Congress's spending power, liability under the Act must be interpreted in light of contract principles.  Barnes v. Gorman, 536 U.S. 181, 186-87 (2002).  The Court found that, because the retaliation at issue concerned the decision to dismiss the plaintiff from Thomas Jefferson University's M.D./Ph.D. program and the decision not to readmit him, the proper defendant for the retaliation claims was the University, which received federal funds for the program and thereby became subject to the obligations of the Rehabilitation Act.

The Court found that the plaintiff had not alleged, and could not reasonably allege, that individual defendants had received federal funds for the M.D./Ph.D. program.  Although the plaintiff had argued that the individual defendants received

federal funds for medical research or loans for their medical education, the Court held that the receipt of these funds was unrelated to the retaliation at issue and so could not support liability under the Rehabilitation Act.

The plaintiff moves for reconsideration of this decision, asking to be allowed to amend his complaint to allege that the individual defendants received federal funds for the M.D./Ph.D. program. The plaintiff asserts that the individual defendants "received federal funding in regards to the M.D./Ph.D. program" through the "F30" federal grant from the National Institutes of Health ("NIH") awarded to the plaintiff and Thomas Jefferson University. See Motion at ¶ 7; Compl. in Case No. 09-2549 ("Datto I") at ¶¶ 35-36, 118-127. The plaintiff argues that, by amending his complaint to add these allegations, he will state a claim against the individual defendants for violation of the Rehabilitation Act.

The Court will deny the motion. To the extent that individual liability may be imposed under the Rehabilitation Act, it can only be imposed upon those who receive federal funds. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). The Court has interpreted this requirement to mean that, for an individual to be liable, he or she must receive federal funding for the specific program at issue in the plaintiff's claim.

The plaintiff has attached the application for the NIH F30 grant to his complaint in Datto I. Ex. D. The application

was submitted by the plaintiff and states that the plaintiff's sponsor will be Dr. Matthew During.  The application lists no other individuals who will be involved in the grant.  The Datto I complaint also includes a breach of contract claim based on the NIH F30 grant.  This claim alleges that the grant formed a contract between the plaintiff, the NIH, and Thomas Jefferson University and that this contract was breached by Dr. During's failure to adequately advise and work with the plaintiff and the failure of two other members of his Ph.D. committee, Dr. Elizabeth Vanbockstaele and Dr. Itzhak Fischer, to facilitate the completion of his research.  Datto I Compl. ¶¶ 122-24.

Even assuming that the NIH F30 grant can give rise to individual liability under the Rehabilitation Act (and the Court does not decide that issue), the only individual other than the plaintiff mentioned in the grant application is Dr. During.  The only individuals alleged to have contractual obligations under the grant are Drs. During, Vanbockstaele, and Fischer.  None of these individuals is a defendant here.

The plaintiff has identified no specific defendant who he contends received federal funding under the grant.  Although the plaintiff has asserted that he needs discovery to determine "likely other sources" of federal funding to the individual defendants, he gives no specifics and does not explain how this funding would relate to the M.D./Ph.D. program.  As the Court has already explained, the fact that the individual defendants may

have received federal funding for research grants unrelated to the plaintiff does not allow liability here.

Any fact alleged in a pleading must either have evidentiary support or be likely to have evidentiary support after further investigation or discovery.  Fed. R. Civ. P. 11(b)(2).  The Court concludes that the plaintiff has not shown that he could amend his complaint to properly allege facts that would allow him to state a claim under the Rehabilitation Act against the individual defendants.  The Court will therefore deny the plaintiff's request to amend as futile and deny his motion for reconsideration.

An appropriate Order will be entered separately.